FILED
HARR_____, PA
SEP 24 2008
_____, CLERK
Deputy Clerk

MCC:BB:nl

UNITED STATES DISTRICT Court
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 08/353 |
| ) | |
| v. ) | |
| ) | (Rambo, J.) |
| HERSHEY CREAMERY COMPANY, ) | |
| ) | |
| Defendant. ) | (FILED ELECTRONICALLY) |

# PLEA AGREEMENT

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the office of the United States Attorney for the Middle District of Pennsylvania. Any reference to the defendant in this agreement shall mean Hershey Creamery Company.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offense to which the defendant is pleading guilty.

1. **Waiver of Indictment/Plea of Guilty**. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony information which will be filed against the defendant by the United States Attorney for the Middle District of

Pennsylvania. That information will charge the defendant with a violation of Title 42, United States Code, Section 7413(c)(1), knowingly violating a requirement promulgated pursuant to the Clean Air Act, by failing to develop and implement a Risk Management Program concerning the storage and use of a regulated substance. The maximum penalty for that offense is a fine of $500,000, a maximum term of probation of up to five years, to be determined by the court, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $400. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the information. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, or a pre-sentence hearing, or at a sentencing hearing. In the event that the defendant subsequently successfully vacates or sets aside any plea, conviction or sentence imposed pursuant to this plea agreement, the defendant further agrees to waive any defense to the filing of additional charges which could have been brought against the defendant at the time of this plea based upon laches,

the assertion of any speedy trial rights, any applicable statute of limitations, or any other similar grounds.

2. The guilty plea will be entered by Walter S. Holder, a Vice-President of the defendant, on behalf of the defendant. At the time the guilty plea is entered, Mr. Holder will provide the Court with proof that the Board of Directors of the defendant has authorized him to sign this agreement on its behalf and to enter the guilty plea.

3. **Maximum Sentence**. The defendant understands that the total, maximum possible sentence for all charges is a fine totaling $500,000, a term of probation of up to five years to be determined by the Court, the costs of prosecution, denial of certain federal benefits and an assessment totaling $400.00.

4. **Fine**. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5. **Alternative Fine**. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if

the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. **Special Assessment**. The defendant understands that the Court will impose a special assessment of $400 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

7. **No Further Prosecution, Except Tax Charges**. The United States agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of that offense. Furthermore, the United States will not bring any criminal charges against any individuals associated with the defendant directly arising out of the defendant's involvement in the offense described above.

8. **Rule 11(c)(1)(C) Binding Agreement**. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following regarding the defendant's offense level, criminal history category, and sentence:

a. The parties agree that pursuant to Sections 8C2.1, Commentary and 8C2.10 of the U.S. Sentencing Guidelines, the provision of Section 8(C) concerning determination of fines for organizations do not apply to environmental offenses. See 18 U.S.C. Sections 3553 and 3572. However, the parties stipulate that the remaining provisions of Chapter 8 apply in this case.

b. The parties agree that an appropriate fine in this case is $100,000, payable the day of sentencing, along with a $400 special assessment.

c. The parties agree that pursuant to Sections 8D1.1, 2, 3 and 4, the defendant will be placed on probation for a period of one year following sentencing subject to the conditions in Section 8D1.3 and subject to the conditions below:

    i. During the period of probation, the defendant will retain, at its own cost, the firm of Liberty Environmental, and specifically Suzanne Leggett (Leggett), a Liberty employee, to provide advice and guidance on environmental matters, provided she remains employed by that firm. Should the defendant wish to change consultants, it must obtain the approval of the United States prior to doing so.

    ii. Leggett will provide the government and the probation officer quarterly reports regarding the defendant's compliance with any applicable federal, state or local environmental statutes and regulations, including, but not limited to, compliance with the provisions of the Clean Air Act which are the subject of the information.

    iii. The parties further agree that the period of probation will be extended by one year if the defendant is cited by any federal, state, or local

-6-

>regulatory agency for safety, health or environmental violations while on probation, absent a showing to the court that the citations are deminimus or incorrect. Should the defendant's probation be extended for a second year and the defendant is cited again by a federal, state, or local regulatory agency for safety, health or environmental violations, the defendant's probation will be extended for one additional year. The defendant understands that the United States may seek, and the court may impose, additional sanctions, including additional fines, should be defendant be found to be in violation of probation. The defendant must inform the Probation Office and the U.S. Attorney's Office if it is cited by any federal, state, or local regulatory agency as described above.

The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case.

If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence different than that agreed to by the parties, then either party has the right to withdraw from this agreement and the defendant has the right to withdraw any guilty plea entered pursuant to this agreement. Should the

-7-

defendant withdraw from this agreement and withdraw its guilty plea under this provision, the government will be free to file any charges which could have been brought against the defendant or any individual at the time of the guilty plea, and the defendant agrees to waive any defense based upon laches, speedy trial rights, the statute of limitations, or other similar grounds.

9. **Background Information for Probation Office**. The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

10. **Objections to Pre-Sentence Report**. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If

any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

    11. **Victims' Rights**. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

    (a)    The right to be reasonably protected from the accused.

    (b)    The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding, involving the crime or of any release or escape of the accused.

    (c)    The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

(d) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this agreement.

(e) The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this agreement.

(f) The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death.

(g) The right to proceedings free from unreasonable delay.

(h) The right to be treated with fairness and with respect for the victim's dignity and privacy.

12. **Relevant Sentencing Information**. At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

-10-

13. **Breach of Agreement**.  In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations.  Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence.

14. **Remedies for Breach**.  The defendant and the United States agree that in the event the Court concludes that the defendant has breached the agreement:

    (a) The defendant will not be permitted to withdraw any guilty plea tendered under this agreement and agrees not to petition for withdrawal of any guilty plea;

    (b) The United States will be free to make any recommendations to the Court regarding sentencing in this case;

    (c) Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

    (d) The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

15. **Non-Limitation on Government's Response**. Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

16. **Agreement Not Binding on Other Agencies**. Nothing in this agreement shall bind any other federal, state or local law enforcement agency.

17. **Violation of Law While Plea or Sentence Pending**. The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and/or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems

-12-

appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

18. **Plea Agreement Serves Ends of Justice**. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

19. **Merger of All Prior Negotiations**. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and

is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

20. **Waiver Allowing Admission of Plea Discussions and Cooperation**. In the event that the defendant does not plead guilty, the plea is not accepted by the court, or the plea is withdrawn, the defendant agrees that he hereby waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence and that any statements made by him as part of plea discussions or as part of his cooperation with the government will be admissible against him without limitation in any civil or criminal proceeding.

21. **Deadline for Acceptance of Plea Agreement**. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., September 23, 2008, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

22. The defendant represents that Walter S. Holder has been duly authorized to enter into this agreement by its Board of Directors as evidenced by the attached certified copy of the relevant portions of the minutes of a Board meeting or other formal authorization.

22. **Required Signatures**. None of the terms of this agreement shall be binding on the Office of the United States

Attorney for the Middle District of Pennsylvania until signed by

the defendant and defense counsel and until signed

by the United States Attorney.

### ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it. I have been authorized by the Board of Directors of the defendant to sign this agreement on behalf of the defendant.

9/19/08
Date

Walter S. Holder, Vice President
**HERSHEY CREAMERY COMPANY**

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

9/19/08
Date

Matthew R. Gover, Esquire
NEALON GOVER & PERRY
Counsel for Defendant

9/23/08
Date

MARTIN C. CARLSON
United States Attorney

BB:nl
September 10, 2008/2006R00337
Post-Booker Plea Agreement 06/01/2007

# HERSHEY CREAMERY COMPANY

## UNANIMOUS CONSENT IN LIEU OF
## A MEETING OF THE BOARD OF DIRECTORS

The undersigned, being all of the Directors of Hershey Creamery Company (hereinafter the "Corporation") hereby execute this Consent to Action in accordance with, and as permitted by, Section 141(f) of the Delaware General Corporation Law, as amended, and do hereby waive all requirements of notice contained in the Delaware Constitution, the Delaware General Corporation Law, as amended, and the Bylaws of this Corporation, and do hereby consent to the adoption of the following resolutions:

WHEREAS, the Corporation has entered or is about to enter into a Plea Agreement (the "Plea Agreement") with the United States of America, pursuant to which the Corporation agrees to plead guilty to a felony information which will be filed against the Corporation by the United States Attorney for the Middle District of Pennsylvania; such information will charge the Corporation with a violation of Title 42, United States Code, Section 7413(c)(1), all as defined and more particularly described in the Plea Agreement;

WHEREAS, the Board of Directors desires to plead guilty, all as contemplated in the Plea Agreement.

NOW, THEREFORE, be it resolved, that all previous actions taken by any of the officers of the Corporation in connection with and/or the execution of the Plea Agreement are hereby ratified and confirmed.

RESOLVED, that the Corporation is hereby authorized and directed to plead guilty, all pursuant to the terms and conditions set forth in the Plea Agreement.

RESOLVED, that George Hugh Holder, President of the Corporation, Walter S. Holder, Senior Vice President of the Corporation, and any other proper officer of the Corporation, is hereby authorized and directed to execute on behalf of the Corporation any and all documents associated with the Plea Agreement.

FURTHER RESOLVED, that the proper officers of this Corporation are hereby authorized to take all other actions necessary or appropriate to the implementation of the foregoing resolutions.

The above resolutions are adopted by consent of the undersigned, being all of the Directors of this Corporation.

703378.1

Upon the signing by all of the Directors of this Corporation, this "Consent" shall be filed with the Secretary of the Corporation.

Dated this 16 day of September, 2008.

DIRECTORS:

_____
George H. Holder

_____
George Hugh Holder

_____
Thomas M. Holder

_____
Walter S. Holder

_____
Earl W. Pyke

_____
Thomas J. Ryan, III

## HERSHEY CREAMERY COMPANY SECRETARY CERTIFICATE

I, the undersigned, Linda Rittel, Assistant Secretary of Hershey Creamery Company (the "Corporation"), do hereby certify that the enclosed constitutes a true and correct copy of the following document:

Attached hereto as Exhibit A is a true and accurate copy of Resolutions adopted by the unanimous consent of the Board of Directors of the Corporation regarding the Corporation's execution, delivery and performance of certain documents and matters with respect to the Plea Agreement with the United States of America.

This certificate may be relied upon by the United States Attorney for the Middle District of Pennsylvania in connection with the Plea Agreement.

IN WITNESS WHEREOF, I have signed this certificate as of this __16__ day of September, 2008.

_____
Linda Rittel, Assistant Secretary

703383.1